**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DERRICK LEE BILLUPS, | No. 10-17233 |
| Plaintiff - Appellant, | D.C. No. 1:06-cv-01014-DCB |
| v. | |
| LOMELI, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
David C. Bury, District Judge, Presiding

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Derrick Lee Billups, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

defendant Lomeli was deliberately indifferent to a serious risk to his safety.  We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) (per curiam), and we reverse and remand.

The district court granted summary judgment because it determined that Lomeli was not deliberately indifferent to Billups' safety.  However, Billups submitted evidence that he and his cellmate told Lomeli that there was a threat to Billups' safety and that Billups told Lomeli that it could get "dangerous" if Billups was not moved to a different cell.  Billups also submitted evidence that the only option Lomeli gave him was to continue insisting on a cell change and that Lomeli threatened to place him in administrative segregation if he continued to violate orders to return to his cell.  This evidence, viewed in the light most favorable to Billups, creates a genuine dispute of material fact as to whether Lomeli acted with deliberate indifference.  *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986) (prison officials liable under § 1983 if they act with deliberate indifference to the prisoner's plight).  Moreover, Lomeli is not entitled to qualified immunity because, at the time of the events at issue, the law was clearly established that the deliberate indifference standard "does not require that the guard or official believe to a moral certainty that one inmate intends to attack another at a given place at a time certain before that officer is obligated to take steps to prevent such an assault."  *Berg*, 794 F.2d at 459 (citations

and internal quotation marks omitted).  Accordingly, we reverse summary judgment on Billups' deliberate indifference claim and remand for further proceedings.

**REVERSED and REMANDED.**